**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
**UNITED STATES OF AMERICA,**

                -against-                              **MEMORANDUM AND ORDER**

**JOSE SANCHEZ,**                                    **08-CV-17 (CPS)**

                              **Defendant.**
-------------------------------------------------------------x

**ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:**

      Counsel for defendant Jose Sanchez has requested that this Court defer issuing a final recommendation on this week's plea allocution, in order to enable defense counsel to confer with his client to determine whether he wants to litigate a potential defense identified at yesterday's proceeding: to wit, whether, in order to prove aggravated identity theft, as charged in Count Four, the government must establish that the defendant knew that the identity he was using belonged to an actual person. See 18 U.S.C. § 1028A. Defendant asserted in his allocution that he was unaware that the identity that he wrongfully assumed was that of a real person, and the government made no proffer to establish otherwise.

      The Court's own research reveals that there is now a split in the circuits, with the Court of Appeals for the District of Columbia Circuit rejecting the majority view and holding that section 1028A does in fact require proof that the defendant knew that the means of identification at issue belong to someone else. Compare United States v. Villanueva-Sotelo, -- F.3d --, 2008 WL 398446 (D.C. Cir. Feb. 15, 2008), with United States v. Hurtado, 508 F.3d 603, 608-10 (11th Cir. 2007) (per curiam), petition for cert. filed (Feb. 13, 2008) (No. 07-9429); United States v. Hines, 472 F.3d 1038, 1039-40 (8th Cir.) (per curiam), cert. denied, -- U.S. --, 128 S.Ct. 235 (2007); United States v. Montejo, 442 F.3d 213, 215-17 (4th Cir.

2006), cert. denied, -- U.S. --, 127 S.Ct. 366 (2006). Neither the Second Circuit, nor any district court within this circuit, has issued an opinion addressing the level of scienter required under section 1028(A).

The Court is prepared to grant the defense additional time to decide whether to waive this potential defense. In addition, the government should consider whether it will now litigate that issue or will instead offer an alternative plea deal so as to avoid motions practice. Counsel are directed to confer with one another and, by March 19, 2008, advise the Court, in writing, how they would like to proceed.

**SO ORDERED.**

**Dated:** **Brooklyn, New York**
**March 14, 2008**

**ROANNE L. MANN**
**UNITED STATES MAGISTRATE JUDGE**